ORDER RELINQUISHING JURISDICTION
NIMMONS, Judge.
This is an appeal from the trial court’s denial of the defendant’s motion to suppress certain evidence seized by the police as a result of the search of the defendant’s automobile and nearby house. The defendant entered a nolo contendere plea to the offense of trafficking in cocaine, the court allowing the defendant to reserve the right to appeal from the suppression order.
From the record, it appears that cocaine was seized from both the automobile and the house. At the time of the entry of the plea, the following colloquy occurred between the trial judge and defense counsel:
THE COURT: [I]t is necessary that that motion be dispositive of the case for the purpose of reserving the right and you assume it would be. I have no idea.
MS. SASSER: The motion was to suppress all the evidence, including the cocaine, which would be dispositive, your honor.
THE COURT: I assume then it’s disposi-tive — would have been dispositive of the case.
As indicated from the above, the defendant’s motion to suppress was directed to the cocaine found in both the automobile and the house. However, the defendant has changed his position and has conceded on appeal — via his brief — the validity of the search of the automobile. The state, which had said nothing in the trial court regarding dispositiveness, now asserts, in view of the defendant’s subsequent concession regarding the validity of the auto search, that the motion was not dispositive because a quantity of at least 28 grams of cocaine *482 was found in the auto and that the appeal should therefore be dismissed. If, in fact, such quantity was seized from the automobile, the motion would not be dispositive in which case the appellant’s appeal should not be disposed of on the merits.
Accordingly, we relinquish jurisdiction to the trial court for a period of 30 days with directions to conduct a hearing to determine whether the ruling on the motion to suppress is dispositive of the case and inform this court, via appropriate order, of its findings. The parties shall cause the record on appeal to be supplemented to reflect the further proceedings conducted pursuant to this order.
SHIVERS and THOMPSON, JJ., concur.